IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT JOELY WHITE** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:20cv113-HSO-RHW |
| | § | |
| **COMMUNITY BANCSHARES OF** | § | |
| **MISSISSIPPI, INC.,** *et al.* | § | **DEFENDANTS** |

### ORDER DENYING PLAINTIFF'S MOTION [1] FOR RELIEF THAT IS BARRED BY A PENDING APPEAL

This matter is before the Court on Plaintiff Robert Joely White's Motion [1] for Relief That is Barred by a Pending Appeal. Having considered the record and relevant legal authority, the Court is of the opinion that Plaintiff's Motion [1] for Relief should be denied.

On March 25, 2020, Plaintiff Robert Joely White ("Plaintiff") initiated this civil action by filing a Motion [1] for Relief that is Barred by a Pending Appeal, referencing Federal Rule of Civil Procedure 62.1 and a ruling by a state court on a motion to compel arbitration. *See* Mot. [1] at 1-3; *see also, e.g.,* Ex. "B" [1-3] (Motion to Dismiss, or Alternatively, Motion to Compel Arbitration filed by Defendants in the Circuit Court of Harrison County, Mississippi, First Judicial District). Plaintiff asks the Court to determine the proper venue to adjudicate the merits of his claim under Rule 62.1. *See* Mot. [1] at 6-7.

Federal Rule of Civil Procedure 62.1 reads as follows:

(a) Relief Pending Appeal. If a timely motion is made for relief that

    the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
    (1) defer considering the motion;
    (2) deny the motion; or
    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
  (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
  (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.

  Federal and state courts are separate and independent systems, and Rule 62.1 is a federal rule that is inapplicable to state court proceedings. Plaintiff initiated an action in federal district court with this Motion [1], and there has been no appeal in this case. Indeed, Plaintiff's Motion [1] specifically refers to an appeal pending in the Mississippi Supreme Court. *See* Mot. [1] at 1. Plaintiff's request for relief under Rule 62.1 in this Court is not well taken and will be denied.

  **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Robert Joely White's Motion [1] for Relief That is Barred by a Pending Appeal is **DENIED**.

  **SO ORDERED AND ADJUDGED**, this the 26th day of June, 2020.

            *s/ Halil Suleyman Ozerden*
            HALIL SULEYMAN OZERDEN
            UNITED STATES DISTRICT JUDGE